IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-20-196-R |
| ) | CIV-24-768-R |
| GRAYLON MARSHAWN MAYBERRY, JR., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 52]. On August 6, 2024, the Court ordered Defendant to show cause why his motion should not be dismissed as untimely [Doc. No. 53] and Defendant filed a response [Doc. No. 54]. For the reasons explained below, Defendant's motion is dismissed.[1]

Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 72 months imprisonment. Defendant did not file an appeal. Liberally construed, Defendant's motion seeks to vacate his sentence on the ground that § 922(g)(1) is unconstitutional as-applied to him following the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

---

[1] Defendant's motion also appears to be asserting a claim pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. If Defendant wishes to seek relief under this provision, he should file a separate motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Pursuant to 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Rule 4 of the Rules Governing Section 2255 Proceedings requires a sua sponte review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition."

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Defendant pled guilty and waived his right to direct appeal. *See* Doc. No. 31. Consequently, the one-year statute of limitations period began to run fourteen days after the entry of final judgment in his case on March 29, 2021. *See* Fed. R. App. P. 4(b)(1)(A). Defendant's motion was not filed until July 26, 2024, well over one year after his judgment became final, and is therefore untimely under § 2255(f)(1). However,

2

Defendant argues that his motion is timely under § 2255(f)(3) because the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024) made changes to cases involving violations of § 922(g).

*Rahimi* involved a challenge to the constitutionality of 18 U.S.C. § 922(g)(8). This provision "prohibits an individual subject to a domestic violence restraining order from possessing a firearm if that order includes a finding that he 'represents a credible threat to the physical safety of [an] intimate partner,' or a child of the partner or individual." *Id.* at 1894 (quoting 18 U.S.C. § 922(g)(8)) (alterations in *Rahimi*). To determine whether the provision was constitutional, the Supreme Court applied the methodology for analyzing Second Amendment challenges that it had previously outlined in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Ultimately, the Supreme Court concluded that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment" and § 922(g)(8) was therefore constitutional as applied to Rahimi. *Id.* at 1903.

Significantly, *Rahimi* did not involve a challenge to the provision underlying Defendant's conviction nor did it broaden the scope of the Second Amendment's protections. Further, *Rahimi* cited favorably to *Heller's* statement "that many [] prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S.Ct. at 1902 (quoting *Heller*, 544 U.S. at 626). Moreover, it is notable that "the handful of courts to have addressed the constitutionality of § 922(g)(1) in the [] weeks since *Rahimi* issued have recognized that *Rahimi*, if anything,

3

bolsters § 922(g)(1)'s constitutionality." *United States v. Morales*, No. 24 CR. 84 (PAE), 2024 WL 3345982, at *2 (S.D.N.Y. July 8, 2024)

Given that *Rahimi* dealt with a different provision than the one involved here, upheld the constitutionality of the provision, and simply applied the pre-existing methodology for evaluating the constitutionality of firearms regulation, Defendant's reliance on *Rahimi* is misplaced. Ultimately, Defendant has failed to establish that *Rahimi* recognized a new right that has made retroactive on collateral review such that the time limits outlined in § 2255(f)(3) would apply. *See Contreras-Orosco v. United States*, No. 3:17-CR-00258-M-1, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024). As a result, his motion is untimely.

In any event, putting aside any issues with the timeliness of Defendant's motion or his waiver of the right to collaterally challenge his sentence, the Court would nevertheless conclude that Defendant's argument lacks merit. The Tenth Circuit has repeatedly upheld the constitutionality of § 922(g)(1) without regard to whether the individual was a violent or nonviolent felon. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), cert. granted, judgment vacated, No. 23-683, 2024 WL 3259668 (U.S. July 2, 2024); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Although the Tenth Circuit's judgment in *Vincent* was recently vacated and remanded for further consideration in light of *Rahimi*, the Tenth Circuit and district courts have concluded that *Rahimi* did not overrule Tenth Circuit precedent upholding the constitutionality of § 922(g)(1). *United States v.*

4

*Curry*, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024) (unpublished);[2] *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707, at *3 (N.D. Okla. Sept. 20, 2024); *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841, at *4 (N.D. Okla. Aug. 23, 2024); *United States v. Harris*, No. CIV-24-331-F, 2024 WL 3571756, at *4 (W.D. Okla. July 29, 2024). The Court agrees that *Rahimi* did not "indisputably and pellucidly abrogate the Tenth Circuit's precedential opinion" upholding the constitutionality of § 922(g)(1) and Defendant's constitutional attack would therefore fail on the merits. *Harris*, 2024 WL 3571756, at *4

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 52] is DISMISSED. Additionally, because the record conclusively shows that the defendant is entitled to no relief, an evidentiary hearing is not warranted. See 28 U.S.C. § 2255(b); *United States v. Angelos*, 417 F. App'x 786, 803 (10th Cir. 2011).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

---

[2] This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

    IT IS SO ORDERED this 2nd day of October, 2024.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE